Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50282 | **DATE** | 11/29/2004 |
| **CASE TITLE** | Fikara vs. Hinsley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the petition for habeas corpus and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

*Philip G. Reinhard*

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | 12-7-04 date docketed | |
| | Notified counsel by telephone. | | | 16 |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | | 11-30-04 date mailed notice | |
| X | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | | SW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# MEMORANDUM OPINION AND ORDER

Petitioner, Shaka Ali Fikara, filed a petition pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated criminal sexual assault (720 ILCS 5/12-14(b)(1)(West 1992)), and resentence to two consecutive 40-year terms of imprisonment. His petition presents the following claims: (1) he was not proved guilty beyond a reasonable doubt because the evidence shows he did not have the same sexually transmitted disease as the victim; (2) his trial counsel was ineffective for failing to properly investigate and introduce evidence regarding his lack of the sexually transmitted disease; (3) he received ineffective assistance of trial, appellate, and resentencing counsel; (4) the trial court erred by resentencing petitioner without ordering a new trial as required by Illinois statute; and (5) the imposition of an extended-term sentence subjected petitioner to double jeopardy, ex post facto, and separation-of-powers violations. The State filed an answer, and petitioner has filed a reply.

The following propositions are applicable to this court's disposition of the pending habeas corpus petition. Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), so its standard of review governs his claims. See Martin v. Evans, 384 F. 3d 848, 851 (7th Cir. 2004). Under the AEDPA, habeas relief is available only if the petitioner demonstrates that the state court's adjudication of his federal constitutional claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. Martin, 384 F. 3d at 851. As for an ineffective-assistance-of-counsel claim, such a claim requires a petitioner to establish that his counsel's performance fell below an objective standard of reasonableness, and this deficiency actually caused prejudice. Martin, 384 F. 3d at 851. An appellate counsel's performance is deficient if he fails to argue an issue that is both obvious and clearly stronger that the issues actually raised. Martin, 384 F. 3d at 851. Federal habeas relief is only available to a person in custody in violation of the Constitution, laws, or treaties of the United States. Dellinger v. Bowen, 301 F. 3d 758, 764 (7th Cir. 2002). Thus, federal habeas corpus is unavailable to remedy errors of state law. Dellinger, 301 F. 3d at 764.

In the present case, all of the claims raised by petitioner were presented to the Illinois appellate courts in either petitioner's direct appeal or the appeal following his resentencing. See People v. Fikara, No. 2-95-1463, unpublished order under Supreme Court Rule 23 (Oct. 29, 1997), and People v. Fikara, 345 Ill. App. 3d 144, 802 N.E. 2d 260 (2003). This court has carefully reviewed the thorough appellate court opinions as well as the record on this case and finds that the determinations as to the claims presented here were not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor were any of those determinations based on an unreasonable determination of the facts in light of the evidence. As for the issue of whether petitioner was entitled to a new trial prior to being resentenced to an extended term of imprisonment pursuant to 730 ILCS 5/5-5-4 (West 2002), that is a question of state law that is not cognizable under federal habeas corpus law.

For the foregoing reasons, the court denies the petition for habeas corpus in its entirety.